# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TEVELA BASS, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) Civil Action No. 17-cv-05415 |
| v. | ) |
| | ) Hon. Sharon Johnson Coleman |
| STATE COLLECTION SERVICE, INC., | ) |
| | ) Magistrate Daniel G. Martin |
| DEFENDANT. | ) |

## FIRST AMENDED COMPLAINT

Plaintiff, Tevela Bass, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. §1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4. Plaintiff suffered a concrete injury from Defendant's attempt to collect unlawful amounts from her. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create

new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

5. Plaintiff, Tevela Bass ("Plaintiff"), is a resident of the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a defaulted medical debt. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

6. Defendant, State Collection Service, Inc., ("SCS"), is a Wisconsin corporation with its principal place of business at 2509 S Stoughton Road, Madison, Wisconsin 53716. It does or transacts business in Illinois. Its registered agent is C T Corporation System located at 208 So. LaSalle St., Suite 814, Chicago, IL 60604.

7. SCS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. SCS holds a collection agency license from the state of Illinois (Exhibit B, Record from Illinois Department of Financial & Professional Regulation.

9. SCS regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

10. According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for a Dean Health medical debt, account # 39399183 ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the

FDCPA.

11. Due to her financial circumstances, Plaintiff could not pay any debts, and the alleged debt went into default.

12. SCS was subsequently began collecting on the alleged debt.

13. On or about March 27, 2016, SCS sent a collection letter to Plaintiff to collect the alleged debt. (Exhibit C, Initial Notice).

14. The Initial Notice conveyed information about the alleged debt, including an account number, the identity of the creditor, and an account balance.

15. Thus, the Initial Notice was a communication as that term is defined in §1692a(2) of the FDCPA.

16. The Initial Notice stated that $8,949.87 was due and owing on the alleged debt.

17. The unsophisticated consumer would believe that the amount stated as due and owing was accurate.

18. The unsophisticated consumer would also have no reason to believe the amount of the debt could increase in the future;

19. However, beginning in January of 2017, SCS sent a series of collection letters to Plaintiff with a gradually increasing balance for the same account, #39399183. (Group Exhibit D, Collection Letters).

20. These Letters conveyed information about the alleged debt, including an account number, the identity of the creditor, and an account balance.

21. Thus, the Letters were communications as that term is defined at §1692a(2) of the FDCPA.

22. SCS was charging interest on the alleged debt.

23. SCS failed to inform Plaintiff in its Initial Notice that the amount of the debt would increase because of interest.

24. 15 U.S.C. § 1692g of the FDCPA provides as follows:

**(a) Notice of debt; contents**

**Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**

**(1) the amount of the debt. . . .**

25. SCS failed to effectively state the amount of the debt in its initial communication to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(1).

26. SCS could have complied with the FDCPA's "amount of debt" provision by including the language drafted by the 7th Circuit for debts with varying balances:

> As of the date of this letter, you owe $___ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1–800– [phone number].

*Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000).

27. While a debt collector is not required to use this form of words, SCS failed to include any other language informing Plaintiff of his rights with respect to the amount of the alleged debt. *Id*.

28. SCS' failure to disclose the possibility of interest, late charges, and other charges continuing to accrue on the alleged debt is deceptive as a matter of law.

29. The events complained of herein occurred within one year of when Plaintiff could have reasonably discovered the violation, namely, from Plaintiff's first phone call with SCS indicating that the balance was indeed increasing on the alleged debt, described *infra*.

30. On or about October 22, 2016, SCS contacted Plaintiff at her home.

31. Plaintiff was connected to an agent of SCS named "Paul Kovar".

32. Mr. Kovar was SCS' employee and authorized to act on behalf of SCS. SCS directed and ratified the actions taken by Mr. Kovar.

33. Mr. Kovar conveyed information regarding the alleged Dean Health debt to Plaintiff, including the amount due.

34. Mr. Kovar indicated that the amount due on the alleged debt was $9,193.83.

35. This was the first that Plaintiff had heard that the alleged debt had increased in amount.

36. Mr. Kovar attempted to collect the alleged debt, warning Plaintiff that "at this point this is going to start affecting your credit."

37. Mr. Kovar's threat was a false threat as Dean Health and SCS were not reporting the alleged debt to any credit bureau, and therefore non-payment would have no impact on Plaintiff's credit score.

38. Mr. Kovar made the threat to further coerce Plaintiff into paying the alleged debt or into making arrangements to pay the alleged debt over time.

39. The threat was material and serious as credit reporting by a debt collector is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder". *E.g.*, *Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993).

40. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . . **(5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . .**
>
> . . . **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

41. SCS falsely threatened damage to Plaintiff's credit, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), when it stated that not paying could damage Plaintiff's credit score while it and its client were not reporting the alleged debt to any credit bureau.

42. Further, SCS was not authorized by statute or contract to collect or attempt to collect interest.

43. SCS sought guidance from the State of Wisconsin as to whether it was authorized to charge interest on medical debts and failed to wait for a response before proceeding with the attempted collection of interest from Plaintiff.

44. On information and belief, SCS has added hundreds of dollars of interest to the alleged debt to which it is not entitled.

45. 115 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . . **(2) The false representation of—**
>
> > **(A) the character, amount, or legal status of any debt. . .**

> **. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

46. SCS misrepresented the character, amount, or legal status of an alleged debt when it inflated the balance with interest, in violation of 15 U.S.C. §§ 1692e, and 1692e(2)(A).

47. SCS threatened to take an action not permitted by law, in violation of 15 U.S.C. 1692e(5), when it threatened to collect unauthorized interest.

48. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.**

49. SCS attempted to collect interest not expressly authorized by any agreement, in violation of 15 U.S.C. § 1692f.

50. Plaintiff experienced negative emotions about SCS's continually increasing the amount of the alleged debt, including hopelessness, annoyance, aggravation, and other garden variety emotional distress.

51. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See*, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

52. SCS failed to effectively state the amount of the debt in its initial communication to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(1).

53. SCS falsely threatened damage to Plaintiff's credit, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), when it stated that not paying could damage Plaintiff's credit score while it and its client were not reporting the alleged debt to any credit bureau.

54. SCS misrepresented the character, amount, or legal status of an alleged debt when it inflated the balance with interest, in violation of 15 U.S.C. §§ 1692e, and 1692e(2)(A).

55. SCS threatened to take an action not permitted by law, in violation of 15 U.S.C. 1692e(5), when it threatened to add unauthorized interest.

56. SCS attempted to collect interest not expressly authorized by any agreement, in violation of 15 U.S.C. § 1692f.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendants as follows:

    A.    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    B.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    C.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    C.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha Chatman  
One of Plaintiff's Attorneys

Michael Wood  
Celetha Chatman  
Sarah Barnes  
**Community Lawyers Group, Ltd.**  
73 W. Monroe Street, Suite 514  
Chicago, IL 60603

Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com